-1-

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

YITZCHOK GOLDSTEIN on behalf of himself,

Plaintiff,

-against-

FORSTER & GARBUS LLP

Defendant.

_____

**COMPLAINT**

**Introduction**

1.      Plaintiff, Yitzchok Goldstein seeks redress for the illegal practices of Forster & Garbus

LLP in which it unlawfully engaged in the collection of consumer debts in violation of

the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

2.      Plaintiff is a citizen of the State of New York who resided within this District.

3.      Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

4.      The alleged debt that Defendant sought to collect from the Plaintiff involves a consumer

debt.

5.      Upon information and belief, Defendant's principal place of business is located within

Commack, New York.

6.      Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by

consumers.

7.    Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. §

1692(a)(6).

### Jurisdiction and Venue

8.    This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. §

1331.

9.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and

transactions that give rise to this action occurred, in substantial part, within this district.

### Allegations Particular to Yitzchok Goldstein

10.   Upon information and belief, on a date better known by Defendant, Defendant began to

attempt to collect an alleged consumer debt from the Plaintiff.

11.   On or about July 19, 2012, Defendant sent collection letters communicating to the least

sophisticated consumer that the communication came from a law firm in a practical

sense violating 15 U.S.C. § 1692e(3).

Reade-Alvarez v. Eltman, Eltman & Cooper, P.C., 369 F. Supp. 2d 353, 2005 U.S. Dist.

LEXIS 8472 (E.D.N.Y. 2005) (Computer generated "mass mailing" of tax season

settlement letter on a law firm letterhead lacking any disclaimer and without an attorney

conducting any meaningful review states a claim for relief under Section 1692e(3).);

Suquilanda v. Cohen & Slamowitz, LLP, 2011 U.S. Dist. LEXIS 102727 (S.D.N.Y.Sept.

7, 2011); Cordes v. Frederick J. Hanna & Assocs., P.C., 789 F. Supp. 2d 1173, 2011

U.S. Dist. LEXIS 61222 (D. Minn. 2011).

The FDCPA prohibits the use of any "false, deceptive, or misleading representation or

means in connection with the collection of any debt." 15 U.S.C. § 1692e.  It enumerates

a non-exhaustive list of sixteen debt-collection practices that run afoul of this

proscription, including "the false representation or implication that [a] communication is

from an attorney."  Id. § 1692e(3).

The Second circuit has held that a debt-collection letter from a law firm or lawyer

violates 15 U.S.C. § 1692e(3) if an attorney was not "directly and personally involved"

with the debtor's account — such as by reviewing the debtor's file — before the letter

was sent.  Clomon v. Jackson., 988 F.2d 1314, 1320-21 (2d Cir. 1993); Taylor v. Perrin,

Landry, deLaunay & Durand, 103 F.3d 1232, 1237-38 (5th Cir. 1997); Avila v. Rubin,

84 F.3d 222, 229 (7th Cir. 1996); Martsolf v. JBC Legal Grp., P.C., No. 1:04- CV-1346,

2008 WL 275719, at *7 (M.D. Pa. Jan. 30, 2008); Sonmore v. Checkrite Recovery

Servs., Inc., 187 F. Supp. 2d 1128, 1133 (D. Minn. 2001) (Alsop, J.); See Also.

Suquilanda v. Cohen & Slamowitz LLP ., No. 1:10-cv-05868 (S.D.N.Y. SEP 08, 2011)

("Absent any disclaimer and without an attorney conducting any meaningful review,

Using a "Law Office" Letterhead States a Claim for Relief under Section 1692e(3).")

The Second Circuit confronted similar facts in *Clomon*.  There, the attorney Defendant

approved the form of dunning letters sent by a collection agency and also "approved

the procedures according to which th[e] letters were sent. "988 F.2d at 1317.  He did

not have any specific involvement with each debtor's account, however, such as

reviewing the debtor's file or the particular letter being mailed. Id.  The Second Circuit

concluded that the challenged letters, despite bearing the Defendant attorney's

signature, violated 15 U.S.C. Section 1692e(3) because, although literally "from" an

attorney, they "were not `from' [him] in any meaningful sense of that word." Id. at

1320; accord, e.g., Avila, 84 F.3d at 229. The same result is obtained here.

12.     Although Forster & Garbus LLP may technically be a law firm, it was not acting in

the capacity of a law firm with respect to the said letters. The inclusion of "A NEW YORK LAW FIRM" is therefore materially deceptive and misleading in that it communicates to the least sophisticated consumer that the communication came from a law firm in a practical sense, when it did not.

13. If Forster & Garbus LLP desires to take advantage of the additional collection leverage provided by the use of a law firm's name in connection with purely debt-collection related activities, it is free to do so under the law of the Second Circuit so long as its each and every one of its standardized communications including letters and voice mail messages do not give the least sophisticated consumer the impression that the communications are from an attorney or law firm in the practical sense. See e.g. Clomon v. Jackson, 988 F2d 1314, 1320 (2d Cir. 1993); Gonzalez v. Kay, 577 F.3d 600 (5th Cir. 2009) ("Debt collectors acting solely as debt collectors must not send the message that a lawyer is involved, because this deceptively sends the message that the 'price of poker has gone up."); Sparkman v. Zwicker & Assocs., P.C., 374 F. Supp. 2d 293 (E.D.N.Y.2005) (The court found that the collector's letter with text on the front and back regarding attorney involvement was confusing to the least sophisticated consumer and violated § 1692e.); Suquilanda v. Cohen & Slamowitz, LLP No. 1:10-cv-05868 (S.D.N.Y. SEP 08, 2011) ("Absent any disclaimer and without an attorney conducting any meaningful review, Using a "Law Office" Letterhead States a Claim for Relief under Section 1692e(3)".)

14. The Defendant printed and mailed, or caused to be printed and mailed, a letter to Plaintiff in an effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due an original creditor other than Defendant and

which Defendant acquired after such obligation or alleged obligation was charged-off or was in default. A true and correct copy of Defendant's communication is attached hereto.

15. Defendant, as a matter of pattern and practice, mail letters, or causes the mailing of letters, to debtors using language substantially similar or materially identical to that utilized by Defendant in mailing the above-cited letter to Plaintiff.

16. Defendant mails, or causes the mailing of, thousands of collection letters like the one sent Plaintiff without conducting any meaningful review of the accounts.

17. The letters the Defendant mails, or causes to be mailed, are produced by Defendant's concerted efforts and integrated or shared technologies including computer programs, mailing houses, and electronic databases.

18. The said letter is a standardized form letter.

19. Defendant violated 15 U.S.C. §§ 1692e, 1692e(3), 1692e(10) for indicating that the communication came from a law firm in a practical sense and for failing to qualify that the debt had not been reviewed by an attorney.

## AS AND FOR A FIRST CAUSE OF ACTION
### Violations of the FDCPA on an individual basis

20. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through nineteen (19) as if set forth fully in this cause of action.

21. That on or about July 19, 2012, Defendant sent collection letters communicating to the least sophisticated consumer that the communication came from a law firm in a practical sense violating 15 U.S.C. § 1692e(3).

22. Defendant's actions violated 15 U.S.C. §§ 1692e, 1692e(3), 1692e(10) for indicating

that the communication came from a law firm in a practical sense and for failing to

qualify that the debt had not been reviewed by an attorney.

### Violations of the Fair Debt Collection Practices Act

23.     The Defendant's actions as set forth above in the within complaint violate the Fair Debt

Collection Practices Act.

24.     The Defendant's violation of the Fair Debt Collection Practices Act, entitles the Plaintiff

to damages in accordance with the Fair Debt Collection Practices Act.

**WHEREFORE**, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that

this Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

    (a)     Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k);

    (b)     Attorney fees, litigation expenses and costs incurred in bringing this action; and

    (c)     Any other relief that this Court deems appropriate and just under the

        circumstances.

Dated:  Brooklyn, New York
       July 19, 2013


                ___/s/__Maxim Maximov_____
                Maxim Maximov, Esq.
                Attorneys for the Plaintiff
                Maxim Maximov, LLP
                1600 Avenue M, 2nd Floor
                Brooklyn, New York 11230
                Office: (718) 395-3459
                Facsimile: (718) 408-9570
                E-mail: m@maximovlaw.com


Plaintiff requests trial by jury on all issues so triable.


                __/s/___ Maxim Maximov_____
                Maxim Maximov, Esq.